AUSA:          Barbara Lanning            Telephone:  (313) 226-9100

AO 91 (Rev. 11/11)  Criminal Complaint    Task Force Officer:     Joseph DiCicco    Telephone:  (313) 202-3400

# UNITED STATES DISTRICT COURT
### for the
## Eastern District of Michigan

United States of America
    v.

Gary Kerrello Griffin

Case: 2:26−mj−30353
Assigned To : Unassigned
Assign. Date : 6/10/2026
Description: CMP USA v Griffin (SH)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ June 9, 2026 _____ in the county of _____ Wayne _____ in the
_____ Eastern _____ District of _____ Michigan _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts: See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Joseph DiCicco, Task Force Officer, ATF
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __June 10, 2026_____

_____
*Judge's signature*

City and state: __Detroit, MI_____

Hon. Anthony P. Patti, U.S. Magistrate Judge
*Printed name and title*

## **AFFIDAVIT**

I, Joseph DiCicco, being duly sworn, depose and state the following:

## **I.      INTRODUCTION**

1.      I am a detective with the Detroit Police Department (DPD) and a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. I have been employed by the Detroit Police Department for the past 12 years and have been working as a detective for the past 4 years. I have worked as a detective with the domestic violence unit since November 2025. Prior to that, I was assigned to the non-fatal shooting team in Detroit's Tenth Precinct. As a Task Force Officer, I am assigned to ATF Group 2.

2.      I make this affidavit from personal knowledge based on my participation in this investigation, including interviews conducted by myself and/or other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, review of reports by myself and/or other law enforcement agents, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all the information known to law enforcement related to this investigation.

3.      ATF is currently conducting a criminal investigation concerning Gary Griffin (DOB: XX/XX/1983), for violations of 18 U.S.C. § 922(g)(1) as a felon in possession of a firearm.

## II.   PROBABLE CAUSE

4.      I reviewed a computerized criminal history and Michigan Third Circuit Court records for GRIFFIN, which revealed the following felony convictions:

a. On or about February 2, 2003, GRIFFIN was charged with four counts of assault with intent to murder, one count of arson of a dwelling house, and one count of possession of a Molotov cocktail in Wayne County Third Circuit Court. On March 25, 2003, GRIFFIN pleaded guilty to one count of arson of a dwelling house and one count of possession of a Molotov cocktail. GRIFFIN was sentenced to a term of 1–20 years' incarceration with the Michigan Department of Corrections. He was discharged from parole on March 25, 2008.

b. On or about October 14, 2021, GRIFFIN was charged with felon in possession of a firearm, maintaining a drug house, and felony firearm. On April 4, 2022, GRIFFIN pleaded guilty to one count of felon in possession of a firearm. GRIFFIN was sentenced to a term of one year of probation. He was discharged from probation on March 26, 2024.

5. Based on my training and experience, defendants are warned of the maximum penalty and that they are pleading guilty to a felony offense when they enter a plea of guilty to a felony. Based on the time GRIFFIN has spent incarcerated or under supervision as a result of his felony convictions, the severity of his convictions, and the fact that he has been previously convicted of the offense felon in possession of a firearm, there is probable cause to believe that GRIFFIN is aware of his status as a convicted felon.

## II. PROBABLE CAUSE

6. On June 9, 2026, at approximately 4:00 a.m., Detroit Police officers responded to a house on Kentfield Street in Detroit, Michigan for the report of a domestic violence incident. Police dispatch provided a description of the offender as a male wearing a jersey and black shorts.

7. Responding officers arrived at the residence and saw GRIFFIN standing near a car at the location. GRIFFIN was wearing a jersey and black shorts and was temporarily detained.

8. Officers then spoke with Adult Victim 1 ("AV-1"). AV-1 reported she was in bed with her minor daughter and GRIFFIN, her boyfriend, came into the room and tried to have sex with her. AV-1 said no, and GRIFFIN became upset with her. AV-1 told police that GRIFFIN took her handgun from underneath her pillow and "cocked" the gun. AV-1 told police GRIFFIN took her firearm downstairs. AV-

1 told police GRIFFIN came back upstairs and grabbed AV-1's phone from the nightstand. AV-1 tried to get her phone back, and GRIFFIN assaulted her by pulling her hair and throwing things at her. AV-1 reported that GRIFFIN also destroyed her bracelet.

9.      Officers recovered AV-1's phone from GRIFFIN's pocket. Officers looked for AV-1's gun in the home but could not find it.

10.      Officers transported GRIFFIN to the Detroit Detention Center.

11.      While housed at the Detroit Detention Center, on June 9, 2026, at approximately 8:17 p.m., GRIFFIN had another inmate call AV-1 on her cell phone. During the call, GRIFFIN and AV-1 had the following exchange:

> Inmate: *He said: "did anybody talk to a detective, and are you going to talk to them when they reach out?"*
>
> GRIFFIN: *[inaudible] taking me to jail for?*
>
> Inmate: *And did they tell you what they was taking him to jail for?*
>
> AV-1: *Because he took my gun, n\*\*\*\*.*
>
> Inmate: *She said 'cause you took her pipe. You took her gun.*
>
> GRIFFIN: *Right, I know, but I ain't—*
>
> Inmate: *But they got him in here—I don't… I think that's what they took him for but that ain't what they charging him for. They got him in here on a misdemeanor. So, I think he just trying to figure out, I don't know. He ain't, they ain't let him talk to nobody.*
>
> GRIFFIN: *Aye, tell her clean around—clean up under the kitchen sink and get it.*

4

Inmate: *He said clean up under the kitchen sink and get it.*

GRIFFIN*: Ask her did she get it?*

Inmate*: Did you get it, he said.*

AV-1: *No.*

12.     On June 10, 2026, officers went back to AV-1's residence. Officers asked AV-1 for consent to search her home, which she granted. Officers searched under the kitchen counter and recovered a Glock 23 Gen4 pistol from inside a cabinet to the left of the sink.

13.     On June 10, 2026, ATF Interstate Nexus Expert, Special Agent Kara Klupacs, was contacted and provided information about the Glock 23 Gen4 pistol. SA Klupacs concluded that the firearm was manufactured outside the State of Michigan and is a firearm as defined in Title 18 U.S.C., Chapter 44, Section 921(a)(3).

## III.    CONCLUSION

14.    Probable cause exists to believe that Gary GRIFFIN, a convicted felon aware of his felony convictions, did knowingly and intentionally possess a Glock 23 Gen4 pistol, said firearm having affected interstate commerce, in violation of 18 U.S.C. § 922(g)(1).  This violation occurred on or about June 9, 2026, in Detroit, Michigan, in the Eastern District of Michigan.


_____
Joseph Dicicco, Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives


Sworn to before me and signed in my presence
and/or by reliable electronic means


_____
Honorable Anthony P. Patti
United States Magistrate Judge

Dated:    June 10, 2026

6